■ VIVIAN L. ROMANO, as Administratrix of the Estate of ROBERT S. ROMANO, Deceased, Respondent, v. TIMOTHY ELLSWORTH et al., Defendants, MACKEY CONSTRUCTION COMPANY et al., Appellants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, Appellant-Respondent.— In an action to recover damages for wrongful death, the jury rendered a verdict in favor of the administratrix against the Consolidated Edison Company of New York, Mackey Construction Company and Grand S. T., Incorporated, and the court granted judgment over in favor of Consolidated Edison on its cross complaint against Mackey Construction, and dismissed various other cross complaints. Consolidated Edison appeals from so much of the judgment entered thereon as is in favor of the administratrix against it, and Mackey Construction and Grand S. T. appeal from so much of said judgment as is in favor of the administratrix against them and as granted judgment over in favor of Consolidated Edison. Judgment insofar as appealed from reversed and a new trial granted on the issues raised by the complaint and the answers of appellants and appellant-respondent, and on the issues raised by the cross complaint of appellant-respondent and the answer thereto, with costs to abide the event. On February 5, 1955 the intestate was working on a motor vehicle parked at the curb on the west side of Fifth Avenue, a few feet north of 26th Street, in Brooklyn. A motor vehicle going south on Fifth Avenue skidded on a thin film of ice about 150 feet north of 26th Street and crashed into the motor vehicle on which the intestate was working, causing his death. Respondent's claim is that the ice was caused, in part, by water leaking from a hydrant at what would be the southeast corner of Fifth Avenue and 26th Street (if 26th Street crossed Fifth Avenue), that the leakage occurred because appellants' men failed to close the hydrant properly, and that the water was splashed by northbound traffic and carried by such vehicles northward, uphill, and over to the west side of Fifth Avenue, to the point where the skid started. In our opinion, the verdict is against the weight of the evidence. Nolan, P. J., Wenzel, Beldock and Ughetta, JJ., concur; Murphy, J., deceased.

■ MARTIN SALPETER, Appellant, v. SEVILLE HOTEL, INC., Respondent.— In an action to recover damages for personal injuries, the appeal is (1) from an order entered December 22, 1958, granting respondent's motion to vacate the alleged service of the summons upon it, on the ground that respondent is not doing business within this State, and (2) from an order entered May 19, 1959, denying appellant's motion for reargument. Order entered December 22, 1958 affirmed, with $10 costs and disbursements. No opinion. Appeal from order entered May 19, 1959 dismissed, without costs. No appeal lies from an order denying a motion for reargument (*Cohen* v. *Kaskel* [Appeal No. 1], 280 App. Div. 992). Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.